IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BOBBY THOMPSON,

        Claimant,

v.                                                  CIVIL ACTION NO. 3:14-cv-15949

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Based upon its review of Claimant's objections and the record in this case, including the decision of the Administrative Law Judge ("ALJ"), the Court **FINDS** that the ALJ's decision was made in accordance with applicable law and is supported by substantial evidence. Therefore, the Court **DENIES** Claimant's objections (ECF No. 10) and **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendations ("PF&R") of the Magistrate Judge (ECF No. 9). The Court accordingly **GRANTS** the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8), **DENIES** the like motion of Claimant (ECF No. 7), and **DISMISSES with prejudice** Claimant's Complaint (ECF No. 1).

**I.    Procedural History**

On December 19, 2011, Claimant Bobby Thompson ("Claimant"), filed an application for DIB, alleging a disability onset date of May 1, 2010, due to "osteoarthritis ankles, back, elbows, hands, shoulders; GERD [gastroesophageal reflux disease]; left wrist\right shoulder injury; anxiety, osteoarthritis in knees, torn right rotator cuff, arthritis spur." Tr. at 145, 174. The Social

Security Administration ("SSA") denied Claimant's application initially and upon reconsideration. Tr. at 84, 90. Claimant filed a request for an administrative hearing, (Tr. at 97), which was held on May 28, 2013, before the Honorable Andrew J. Chwalibog, Administrative Law Judge ("ALJ"). Tr. at 27-55. By written decision dated June 26, 2013, the ALJ found that Claimant was not disabled as defined by the Social Security Act. Tr. at 10-21. The ALJ's decision became the final decision of the Commissioner on March 11, 2014, when the Appeals Council denied Claimant's request for review. Tr. at 1-3.

Claimant then commenced the instant civil action, pursuant to 42 U.S.C. § 405(g), (ECF No. 1), and the Commissioner subsequently filed an Answer opposing Claimant's Complaint. ECF No. 5. Both sides moved for judgment on the pleadings. EFC No. 7, 8. This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge issued her PF&R on June 30, 2015, recommending that Claimant's Motion for Judgment on the Pleadings be denied, that the Commissioner's Motion for Judgment on the Pleadings be granted, and that this case be dismissed with prejudice. ECF No. 9. Claimant filed timely objections to the PF&R. ECF No. 10.

## II.     Standard of Review

This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, the scope of this Court's review of the Commissioner's decision is narrow. This Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g), which states, in part, "[t]he

findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .") (other citations omitted), *superseded on other grounds,* 20 C.F.R. § 416.927(d)(2); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (also citing 42 U.S.C. § 405(g), among other authorities). "Substantial evidence" is defined as:

> "Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Craig*, 76 F.3d at 589.

The ALJ, not the court, makes findings of fact and credibility determinations and resolves evidentiary conflicts. *Hays*, 907 F.2d at 1456. "'Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner]'s designate, the ALJ).'" *Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987)). "The issue before [this Court], therefore, is not whether [Claimant] is disabled, but whether the [ALJ]'s finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* (citing *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)). This Court is required to "uphold the [Commissioner]'s decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock*, 483 F.2d at 775 (citations omitted).

**III.    Objection 1: The ALJ disregarded the opinion of Claimant's treating physician, Dr. Gregory Carico**

Claimant's first objection is that the ALJ accorded little weight to the opinion of Claimant's treating physician, Dr. Carico. 20 C.F.R. § 404.1527(c) provides that, when deciding the weight to be given to a medical opinion, the ALJ must consider the following factors: 1) examining

3

relationship; 2) treatment relationship, including length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship; 3) supportability (such as evidence and explanations presented); 4) consistency with the record as a whole; 5) the medical professional's specialization; and 6) other factors as necessary. *See also* § 416.927(c) (noting the same factors). Rules passed by the Social Security Administration concerning the treatment of medical evidence state,

> *All things being equal*, when a treating source has seen a claimant long enough to have obtained a detailed longitudinal picture of the claimant's impairment(s), we will always give greater weight to the treating source's opinion than to the opinions of nontreating sources even if the other opinions are also reasonable or even if the treating source's opinion is inconsistent with other substantial evidence of record.

Standards for Consultative Examinations & Existing Medical Evidence, 56 Fed. Reg. 36932-01, at *36936 (Aug. 1, 1991) (emphasis added). In this case, however, substantial evidence supports the ALJ's finding here that not all things were equal—namely, the medical evidence provided does not support the limitations recommended by Dr. Carico. Therefore, the ALJ's decision not to give greater weight to Dr. Carico's opinion does not violate applicable law.

As noted by the Magistrate Judge, the ALJ considered the above listed factors in reaching the ultimate conclusion to assign little weight to Dr. Carico's opinions. First the ALJ determined that the limitations provided by Dr. Carico were "overly restrictive" and that "the evidence of record, including Dr. Carico's own treatment notes, d[id] not support his assessment of less than sedentary work activity." Tr. at 18. The ALJ noted that the clinical evidence of record revealed only "mild to moderate findings" and that Claimant's treatment was relatively conservative, including medication management and home remedies such as ice packs. Tr. at 17, 18. Furthermore, Dr. Carico provided "no explanation for the exertional and postural limitations that he assigned to Claimant and offered very little justification for the manipulative limitations that he determined were appropriate." ECF No. 9; Tr. at 432.

4

Second, the ALJ recognized that Claimant visited Dr. Carico only twice before the Dr. Carico formed his residual functional capacity ("RFC") opinions, with one of those visits occurring for the purpose of obtaining a physical RFC evaluation. Tr. at 14, 441. This is not the type of treatment relationship which permits a physician to develop a longitudinal picture of a patient's ailments and limitations, and therefore is not the type of treatment relationship that entitles the treating physician's opinions to special or greater weight. Rather, the ALJ relied on the results of various other doctors' evaluations of Claimant in determining to afford little weight to Dr. Carico's opinion, including Dr. Tao's treatment records from November 2011 and March 2012 and the results of Dr. Walker's and Dr. Waltrip's examination of Claimant. These evaluations provided evidence contrary to Dr. Carico's limitations. Additionally, the ALJ noted that he assigned greater weight to Dr. Lo's opinion, the agency consultant[1], instead of Dr. Carico's because Dr. Lo's opinion was bolstered by the results of the evaluations of Dr. Tao, Dr. Walker, and Dr. Waltrip and therefore supported by record evidence.

SSR 96-2p provides that if the application for DIB is denied, "the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, at *5. Indeed, "[p]aragraph (d)(2) of 20 CFR [§§] 404.1527 and 416.927 requires that the adjudicator will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion(s)." *Id.* Here, the ALJ gave specific, detailed reasons, supported by the available

---

[1] Opinions from agency consultants must be given weight when they are supported by evidence in the case record, and "[i]n appropriate circumstances…may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996).

medical records, for his decision to give little weight to the Dr. Carico's medical opinion. Contrary to Claimant's arguments, sufficient "good reasons" were presented in the decision to support the ALJ's finding in this regard. In summary, Claimant's first objection is denied.

### IV. Objection 2: The ALJ disregarded the opinion of Claimant's chiropractor, Dr. Rodney Thompson

Claimant's second objection is that the ALJ disregarded the opinion of Claimant's chiropractor, Dr. Thompson. As the ALJ appropriately noted, Dr. Thompson is not "an acceptable medical source" as defined in 20 C.F.R. § 404.1513(a). As such, "the ALJ was only required to consider Dr. Thompson's opinion as to how Claimant's impairments affect his ability to function, and the ALJ was only required to explain the weight assigned to Dr. Thompson's opinion if the doctor's opinion would affect the outcome of this case." ECF No. 9; *See* SSR 06-03p, 2006 WL 2329939, at *6.

The Magistrate Judge noted that the ALJ erred in disregarding Dr. Thompson's opinion solely because he was an "other source." *Carpenter v. Astrue*, 537 F.3d 1264, 1267–68 (10th Cir. 2008). However, the Magistrate Judge determined that he ALJ's error was harmless because "the ALJ considered Dr. Thompsons's treatment records in his written decision, and Dr. Thompson's functional limitations opinion was nearly identical to Dr. Carico's opinion, which the ALJ properly determined was entitled to little weight." ECF No. 9. As such, Dr. Thompson's opinion would not have affected the outcome of the case. *See, e.g., Tobey v. Comm'r of Soc. Sec.*, No. 11-15069, 2013 WL 1010727, at *11 (E.D. Mich. Feb. 22, 2013), *report and recommendation adopted by* 2013 WL 1016736 (E.D. Mich. Mar. 14, 2013). Furthermore, Dr. Thompson formed his opinion on Claimant's limitations almost twenty months after he last treated Claimant, at which point he had released Claimant from his care due to Claimant's improvement. Tr. at 262, 408. Therefore, the

limitations opined by Dr. Thompson seem excessive and unsupported by the record. The Magistrate Judge concluded that remand for further consideration of Dr. Thompson's functional imitations opinion is not warranted and this Court concurs. ECF No. 9. In summary, Claimant's second objection is denied.

### V. Conclusion

For the reasons explained above, the Court **DENIES** Claimant's objections (ECF No. 10) and **ACCEPTS** and **INCORPORATES** the PF&R of the Magistrate Judge (ECF No. 9). The Court **GRANTS** the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8), **DENIES** the like motion of Claimant (ECF No. 7), and **DISMISSES with prejudice** Claimant's Complaint (ECF No. 1).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to Magistrate Judge Eifert, counsel of record and any unrepresented parties.

ENTER: September 24, 2015

ROBERT C. CHAMBERS, CHIEF JUDGE